## G. STOLTZ V. J. W. COWARD.
### No. 832.

1. **Former Judgment—Issues Determined—Res Adjudicata.**—Plaintiff's former suit was for 25 per cent commissions on cash receipts by defendant on sales of monuments effected by plaintiff, and also for the reasonable value of 25 per cent of a note given by one S. on another sale, but not then paid. The judgment awarded plaintiff his per cent of the moneys already collected, and further provided, that plaintiff "was adjudged to be entitled to 25 per cent of the S. note for $550 when the same is paid." Afterwards plaintiff brought this suit for 25 per cent of the proceeds of the note, which had been paid, basing his right of action upon the above clause in the judgment. *Held*, that the former judgment was not conclusive against plaintiff's right to recover in this action; that the recital therein as to the note was not a judgment determining any issue in that case; nor yet was it res adjudicata in favor of plaintiff's right to recover without pleadings and proof of his interest in the note and its proceeds.

2. **Same—Conflicting Judgments.**—In the case of two conflicting judgments, the latter must prevail.

3. **Limitations.**—As against one entitled to part of the proceeds of a note when collected, limitation will run only from the date of its collection.

APPEAL from the County Court of Victoria. Tried below before Hon. J. L. DUPREE.

*Fly & Hill*, for appellant.—1. Where a final judgment is valid and subsisting, it is a complete bar to any subsequent suit involving the same issues between the same parties. The judgment creditor has his right to an execution, but can not again sue except to revive a dormant judgment or enforce a foreign judgment. Johnson v. Murphy,

17 Texas, 216; Flipper v. Dixon, 83 Texas, 421; Black on Judg., sec. 709; Murphy v. Wallace, 3 Ct. App. C. C., sec. 430; Nichols v. Dibbrell, 61 Texas, 501, and authorities cited.

2. A final judgment carries with it the authority for its own enforcement. "The court shall cause its judgments and decrees to be carried into execution." Rev. Stats., art. 1339.

3. A party having a final judgment valid and subsisting, has his right to an execution; he can not make this judgment a basis of another suit. Johnson v. Murphy, 17 Texas, 216.

*A. S. Thurmond*, for appellee.—1. A final judgment is no bar to a subsequent suit which has for its object the enforcement of the execution of such final judgment.

2. An action may be maintained upon a final judgment without resorting to the statutory remedy of scire facias.

3. A final judgment may be conclusive evidence upon a particular issue, and still be no bar to a second action. 2 Black on Judg., sec. 506; Kings v. Chase, 41 Am. Rep., 675, and note.

4. The object of the present suit was not to recover of Stoltz any interest claimed by Coward in the Seat note, that had been finally settled and determined in the former judgment in suit number 224; but was for the recovery from Stoltz of money collected by him, and which, under the judgment in number 224, belonged to the plaintiff. Sayles' Civ. Stats., art. 1335; Walcott v. Hendrick, 6 Texas, 415; 55 Texas, 618; 75 Texas, 83.

GARRETT, CHIEF JUSTICE.—The appellee, Coward, sued to recover of the appellant 25 per cent of the proceeds of a promissory note for $550, dated in November, 1885, and executed by S. L. Seat to G. Stoltz, the appellant. Coward based his cause of action upon a judgment of the County Court of Victoria County in a suit in which he was plaintiff and the said Stoltz was defendant, rendered July 16, 1888, by which he alleged his title to one-fourth of said note was established. The petition in this case set out, in addition to the allegation of title to the note, the following recital from the former judgment: "It is further adjudged and decreed by the court, that the said plaintiff be and is hereby adjudged to be entitled to 25 per cent of Mrs. S. L. Seat's note for $550 when the same is paid." The ownership of the note would have been a proper matter for adjudication by the court, and looking solely to the petition on demurrer, it can not be held that the question of ownership was not determined by the judgment; but when the pleadings and judgment were introduced in evidence, it appeared that plaintiff had sued for commissions on cash receipts by the defendant and the reasonable value of 25 per cent of the note, to which he alleged he was entitled by reason of a contract with defendant for commissions on the sale of a monument, for the price of which the note was given. The court properly refused to allow the recovery, but in

rendering judgment for the per cent claimed of money already collected, undertook to adjudge that plaintiff would be entitled to the fourth of the note when paid, that is, the proceeds of the note. This was not an adjudication upon the ownership of the note, or of an issue before the court, and is not a definite settlement of the present rights of the parties, but was an undertaking to adjudicate what their rights would be upon a future contingency. The attempted adjudication was not a judgment, and not conclusive upon the parties. But the parties would be concluded in another suit by the determination of any fact necessarily involved in the judgment reached. The issue as to whether or not the plaintiff had a contract with the defendant which entitled him to 25 per cent commissions on the sale of the monuments, etc., for which he recovered, was determined by the judgment sued on, but not the fact that the Seat note was given for such a sale; this fact would have to be proved by other evidence than the judgment, and it was neither alleged nor proved. Had plaintiff sued for one-fourth of the proceeds of the collection of the Seat note, and alleged as his cause of action therefor his contract with the defendant for the sale of monuments, etc., the judgment would have been admissible as conclusive evidence of the fact of the contract, but other evidence would be required to show that the Seat note was for the sale of a monument in accordance with the contract. Since the ownership of the note was not adjudicated, and the attempt to adjudicate as to the proceeds was ineffectual, there can be no merit in the position that plaintiff's right to recover in this case was concluded against him by the former judgment.

It seems that there was still another suit to which the plaintiff and defendant were parties, in which it was adjudicated that there was no such contract. In such case the last judgment must prevail. 1 Freem. on Judg., sec. 332. And the judgment relied on by the plaintiff being the latest judgment, it is conclusive evidence of the existence of the contract which authorized the recovery in that suit.

The judgment in the court below must be reversed for error in holding that the former judgment was res adjudicata of plaintiff's right to recover, without further allegation and proof.

Limitation would commence to run only from the date of the collection of the note by the defendant, which appears to have been within less than a year before the petition in this suit was filed. Neither the date of the note nor the date of the judgment furnish the date from which limitation should begin to run. The amount in controversy was one-fourth of the net proceeds of the collection, which according to the evidence were $879.47, an amount within the jurisdiction of the County Court.

The judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered April 18, 1895.