**COLBURN et al. v. WARD et al.**

No. 3629.

Court of Civil Appeals of Texas. Amarillo.
June 24, 1931.

Rehearing Denied July 11, 1931.

Jos. H. Aynesworth and Hiram K. Aynesworth, both of Stinnett, and Joe T. Dewberry, of Tulsa, Okl., for appellant J. O. Colburn.

Walter J. Loftus, of Amarillo, for appellant E. D. Hammond.

Stone & Guleke, of Amarillo, for appellees R. E. Snell, Jr., Invader Drilling Co., and R. J. W. Oil Co.

**HALL, C. J.**

The appellant Colburn was the owner of several judgments which had been rendered against one of the appellees, J. D. Ward, in Oklahoma, and of one judgment which had been rendered against Ward in Potter county, Tex., in favor of one Davis. On December 30, 1927, Colburn filed this suit against Ward, R. E. Snell, Jr., the Invader Drilling Company, R. J. W. Oil Company, First National Oil Company, National Bank of Commerce, Kay County Gas Company, Phillips Petroleum Company, and Humble Oil & Refining Company, to recover property alleged to have been conveyed to his codefendants by Ward in fraud of creditors; further alleging that Ward had conspired with his codefendants to conceal his property from his creditors.

After the filing of this suit, Ward was adjudicated a bankrupt on September 28, 1928, and on the 15th day of December, 1928, E. D. Hammond was appointed and qualified as trustee of Ward's estate. As such trustee, he was ordered by the bankrupt court on October 24, 1929, to intervene in this case, and to have himself substituted as party plaintiff in lieu of Colburn, and to prosecute the suit as the trustee of the estate of Ward, and was further ordered not to abandon or disclaim any interest in the property for which Colburn had sued. Hammond, as trustee, was permitted to intervene herein by an order of the district court of Hutchinson county, made and entered April 2, 1930.

The appellees Ward and his codefendants alleged that by the adjudication of Ward as a bankrupt and the appointment and qualification of Hammond as trustee, the latter became vested by operation of law with the title and interest that Ward previously held in the property involved. That Colburn then had no specific lien on any of said property, in that he had filed claims in the bankrupt court against Ward for the amount of his several judgments, proved said claims as unsecured debts, specifically stating that he held no securities for any of said debts. That said claims were filed subsequent to the institution of this suit, and before the election of Hammond as trustee August 31, 1928, and Colburn had thereby waived any lien which he might have had by virtue of any of said judgments and any lien resulting, if any, from the filing of his creditor's bill. That Colburn had participated in the election of Hammond as trustee, voting to the extent of his claims, thereby waiving any lien he might have had, and is estopped by all of said facts to contest the trustee's absolute right to maintain this cause of action instead of Colburn.

The right of Hammond to be substituted as plaintiff herein in lieu of Colburn was heard on the 20th day of October 1930, and resulted in an order reciting that the matters of fact therein set forth were true, and dismissing Colburn as plaintiff from the case without prejudice to the right of the trustee to maintain the suit as plaintiff on his plea of intervention.

On the 23d day of October, 1930, the court entered another order which recited the proceedings in the order of October 20, 1930, which further states that other evidence was introduced by Colburn, and upon the hearing the court, by said order, "confirms and ratifies the order heretofore entered on the 20th day of October, 1930, and here and now orders, adjudges, and decrees that the said suit of J. O. Colburn vs. the said R. E. Snell, Jr., J. D. Ward, Invader Drilling Co., R. J. W. Oil Co., et al. be and the same is hereby dismissed with prejudice as to the said J. O. Colburn and he is now ordered not to prosecute this suit further." Colburn excepted to this order, but gave no notice of appeal.

On the 25th of October, 1930, he filed his motion to set aside the last-mentioned order, and assigned as further grounds that the court erred in entering its order of April 3, 1930, permitting Hammond to intervene in the case, and to displace him as plaintiff. He attached to his motion an agreement which his attorney Dewberry had made with the attorney of Hammond in which it is stipulated that the order entered on April 3, 1930, should be modified by striking therefrom the words "and is substituted as party plaintiff herein in lieu of said original plaintiff J. O. Colburn." This motion was considered by the court, and on December 1, 1930, an order was entered which recites that the suit of Colburn against Snell et al. "be and the same is hereby dismissed with prejudice to the said J. O. Colburn and he is now ordered not to prosecute same further." Said order further provides that it shall be without prejudice to the rights of the trustee. Colburn excepted to this order of December 1st and gave notice of appeal, and thereafter, on the 19th day of December, filed his appeal bond which describes the order of December 1, 1930.

The so-called order of December 1, 1930, is, in our opinion, the final judgment in the case, as it disposes of all the parties to the action. As to the trustee Hammond, it sustains exceptions to his plea of intervention and strikes out his "Amended Answer," because it was not filed in accordance with an order of court made on the 20th of October, or in conformity with the agreement contained in certain letters. This amended pleading was filed November 12, 1930, and there appears in the record a letter from the trial judge, addressed to the attorney of the trustee, which states: "I have extended the time in this matter until November 17, 1930."

On account of the imperfect and confusing condition in which we find the transcript in this case, we have been greatly hampered and delayed in the consideration of the

questions presented. District & County Court Rule No. 85 requires that, in making a transcript, the proceedings shall be entered in the order of time in which they occurred. This rule has been utterly disregarded in the preparation of this transcript. We find the pages numbered from 1 to 38. After page 38, the pages are numbered from 29 to 122, and in briefing, the references to the record are made without regard to this improper and double paging. A transcript should be paged in accordance with District & County Court Rule 89. The index to the transcript is not in accordance with rule 92. There appears to have been five "orders" made in the case, and they are entered without regard to their respective dates, and, with two exceptions, the index does not inform us of the nature of the order or its date. There has been incorporated in the transcript the statement of facts, which includes the evidence introduced on what we presume to be the hearing of the plea in abatement. This statement of facts has no place in the transcript. It is not a part of a bill of exceptions, and should have been made a part of the statement of facts. A transcript prepared in such disregard of the plain rules of procedure is not entitled to consideration, and, in considering it, we are not to be understood as setting a precedent and precluding a dismissal upon the court's own motion of appeals, based upon such defective records which may be filed here in the future.

The first contention we will consider is the action of the court in dismissing the trustee Hammond from the case. On October 29, 1930, Keffer, the attorney for Hammond, wrote the district judge as follows:

"In re: Colburn v. Ward et al.

"Mr. Stone has agreed that the trustee in bankruptcy might file his amended petition on or before November 10th and that if such petition is not filed on or before such date, that then the Court's order on the demurrers and exceptions shall stand as final. If this is satisfactory with you, will you please make a notation on your docket extending the time?"

A copy of this letter was sent to Attorney Stone.

The district judge testified with reference thereto, in part, as follows: "Without the knowledge of Messrs. Stone & Guleke, without advising them thereafter, I wrote Mr. Keffer that I would extend the time until the 17th day of November, which was seven days longer than he and Mr. Stone had agreed. * * * I had another non-jury week on November 24th, and I considered Messrs. Stone & Guleke could have the answer on the 17th and that would give them a chance to work on it. If anybody has been misled, it has been by what I thought I was trying to be extremely lenient. It is my fault and if there

has been anybody misled, I am willing to take the blame. The thing I should have done was to advise Mr. Stone and Mr. Guleke. I want to be understood perfectly by Mr. Stone and Mr. Guleke that Mr. Keffer never requested me to give him seven days and Messrs. Stone & Guleke never knew it."

The record shows that Keffer filed the amended answer on November 12th, five days before the limit which the court had voluntarily given him. Under these circumstances, we think the court erred in striking the pleading from the record, and his action in doing so constitutes reversible error.

The appellees contend that the order of April 2, 1930, substituting E. D. Hammond, the trustee in bankruptcy, as party plaintiff in lieu of Colburn, finally disposes of the rights of Colburn, and, by failing to except thereto and give notice of appeal, he has waived his right to complain at this stage of the proceeding. We cannot assent to this contention. It is in no sense a final judgment, and under the statutes there can be but one final judgment entered in any case. It is simply an interlocutory order which has been twice considered and confirmed since it was entered, and from such confirmation Colburn has duly and properly appealed. It is true that in virtue of statutory provisions in certain cases, such as those relating to temporary injunctions, pleas of privilege, and the like, appeals may be prosecuted from interloctuory judgments, but Colburn could not have appealed from the order of April 2, 1930, as it was in no sense a final judgment. 3 Tex. Jur. 114, 136.

While the motions filed at a subsequent term which were considered by the court, and which called for a review of his previous action in dismissing Colburn and substituting Hammond as party plaintiff, did not necessarily require the trial court to consider them, having been filed out of time, their consideration was a matter within the discretion of the trial judge, and, if in his action upon the motions he has abused the discretion, his orders are subject to review in this court. Dittman v. Model Baking Co. (Tex. Com. App.) 271 S. W. 75, and authorities there cited; Stewart v. State, 42 Tex. 242; Linn v. Arambould, 55 Tex. 611.

We think the court correctly substituted Hammond as trustee for Colburn as party plaintiff in this action. By provisions of the Bankruptcy Law, the trustee is vested with such title to the property of the bankrupt as enables him to take charge of it, sue for its recovery, and dispose of it under the orders of the court. Section 70 of the Bankruptcy Act (11 USCA § 110) provides in part: "The trustee of the estate of a bankrupt, upon his appointment and qualification * * * shall in turn be vested by operation of law with the

title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt," etc.

Subdivision (e) of said section 70, 11 USCA § 110(e) provides, in substance, that the trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property or its value from any fraudulent transferee, and jurisdiction of such suit is expressly given to any court of bankruptcy or any state court having jurisdiction of the amount.

As said in 4 Remington on Bankruptcy, 1402, the bankruptcy act itself gives the trustee by section 70a (4) not only the bankrupt's own title, but also expressly vests in him by section 70a (4) title to all property transferred by the bankrupt in fraud of creditors; and by 70e gives him the right to clear away from the bankrupt's title to property all fraudulent transfers of such title which any creditor might, under state law, have avoided, and, in discussing the amendment of 1910, the author says it has the effect of "placing the trustee in the position of an execution creditor with a levy on the property in his custody and with an unsatisfied execution on the property not in his custody gives him more than the rights which any creditor might have chanced already to have asserted. It gives him in addition thereto all rights which would have been obtainable by creditors under state law, had the trustee been an officer holding an execution or equitable process in behalf of all creditors. This right is not a right derived from existing creditors. It is not a transfer from any creditor by operation of law of that creditor's existing lien or levy as seems to have been held in one case. It is a right derived from the statute itself, conferring upon the trustee the attributes of a creditor not 'armed with process.' "

■ In its essence, this is a suit against an insolvent debtor to set aside a fraudulent conveyance of his property, to which the transferees of such property have been made parties. Its purpose is to recover the property or its value from such fraudulent transferees, and subject it to the payment of the bankrupt's debts. Under R. S. art. 3996 as amended by Acts 40th Leg. (1927), c. 30 (Vernon's Ann. Civ. St. art. 3996) such a suit may be maintained by a judgment creditor, even though his judgment has never been so recorded as to create a lien. He may file a suit of this character to set aside the conveyances, or he may levy on the land and sell it for the payment of his debt. Rutherford v. Carr, 99 Tex. 101, 87 S. W. 815; Citizens' National Bank of Plainview v. Slaton (Tex. Civ. App.) 189 S. W. 742.

■ It does not appear from the record whether Colburn's judgments have ever been filed and duly recorded upon the judgment lien records. Since it does not appear that any of Colburn's judgments had been recorded upon the judgment lien records, it is unnecessary for us to discuss the contention that he had waived his liens by filing his claim in the bankrupt court with the statement that they were unsecured. The filing of the suit did not have the effect of creating a lien, in the absence of the levy of an execution or an attachment. Cassaday v. Anderson, 53 Tex. 535; Shirley v. Waco Tap Ry., 78 Tex. 131, 10 S. W. 543; Arbuckle Bros. Coffee Co. v. Werner & Cohen, 77 Tex. 44, 13 S. W. 963; Carter v. Hightower, 79 Tex. 135, 15 S. W. 223.

■ The suit is maintainable by a creditor whose claim has been reduced to judgment. 12 Tex. Jur. 187. "Although the weight of authority appears to be against the sufficiency of foreign judgments or decrees—even those rendered by the courts of sister states—as the basis of the suit, in this state where law and equity practice are blended, it has been held not to be essential that the owner of a foreign judgment should establish it in a Texas court before he can have the benefit of a creditor's bill." Id., citing Ward v. McKenzie, 33 Tex. 297, 7 Am. Rep. 261; Murphy v. Argonaut Oil Co. (Tex. Civ. App.) 299 S. W. 488, 493.

For the reasons stated, the judgment is affirmed, in so far as it substitutes the trustee for Colburn as plaintiff, and reversed and remanded because of the error of the court in striking the trustee's amended answer, and dismissing the case.