Ray MILNER, Appellant,

v.

Fred BOSWELL, Appellee.

No. 16500.

Court of Civil Appeals of Texas.

Fort Worth.

March 6, 1964.

Rehearing Denied April 24, 1964.

Wade, Davis, Callaway & Marshall and Clyde M. Marshall, Jr., Fort Worth, for appellant.

Byrom, Wright, Butcher & Prager and Don Prager, Fort Worth, for appellee.

MASSEY, Chief Justice.

Construably, the pleadings of the plaintiff, Fred Boswell, sought total recission of a contract formerly existent with the defendant, Ray Milner, and the return to him of a money deposit of $850.00 delivered as part of the total performance on his part to pay $2,700.00,—under pleadings alleging a "total failure of consideration" for the contract. Milner plead only a general denial in reply.

■ Where there is a plea of total failure of consideration, it includes and permits proof of a partial failure, in support of a judgment of recission as to an unperformed portion of a contract.

■ In this instance the proof established, at the most, a "partial failure of consideration", as contrasted with a total failure, for it was established by the evidence that after a partial performance on the part of Milner it was mutually agreed by him and Boswell that the former would abstain from any further work. The work consisted in remodeling a dwelling, plus the addition of another bedroom.

In the trial court there was no jury and the judge thereof was the finder of fact. The state of the evidence warranted a decision by him that there had been a "partial failure" of the consideration due to be performed by Milner under the original contract, so that *pro tanto* ("for so much" or "to that extent"), as applied to that part of the contract completely performed, he was entitled to be paid by Boswell. Obviously, if the amount to which he was entitled was less than the $850.00 already paid, Milner would be entitled to retain the proper amount, but obliged to deliver over to Boswell the amount remaining.

■ There was a want of evidence, i. e., there was no evidence of probative force, establishing the amount or degree of Milner's performance, nor the amount to which Milner was entitled under the contract as applied to his accomplished performance thereunder prior to the time the parties mutually agreed to rescind the portion unperformed. Since it was Boswell who sought recission as to the portion of the contract not yet performed, under proper application of any "partial failure of consideration" theory, it would be (or should have been) Boswell who carried the burden of showing the extent of the contract both as performed and unperformed, and the value of the portion performed, if the amount to which either party was entitled was to be ascertained. Otherwise stated: Boswell, in view of the parties' agreement to rescind the part of the contract not performed, carried the burden of proving the value of the contract to Milner as applied to the portion thereof Milner had performed.

■■ We are of the opinion that any proper judgment of an appellate court which reverses the judgment of the trial court should be one which incorporates therein an order remanding the cause to the trial court, rather than one of rendition, when the reversal is occasioned by a lack of evidence in support of the judgment of the trial court;—*unless* it clearly appears that the case was fully developed, i. e., *unless* it clearly appears that there was no evidence available to be introduced in the trial court which would have supplied such "lack". In this case it is obvious that Boswell can supply such evidence.

Judgment is reversed and the cause remanded.