**Elliot G. KEELING, Appellant,**

v.

**Pauline C. ZOLLER et al., Appellees.**

No. 14335.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 13, 1965.

Carl Wright Johnson, Alfred W. Offer, Nat L. Hardy, San Antonio, for appellant.

Rudy Rice, M. C. Whitehead, San Antonio, for appellees.

MURRAY, Chief Justice.

This is a plea of privilege case. Suit was instituted in the District Court of Bex-

ar County, Texas, by Pauline C. Zoller on behalf of herself and other relatives of Elmore C. Zoller, against W. R. Grimshaw Company, an Oklahoma Corporation, and Elliot G. Keeling, a resident of Harris County, Texas, seeking to recover damages for the wrongful death of Elmore C. Zoller, allegedly caused by the negligence of the defendants in Bexar County.

It is alleged that Grimshaw Company was the general contractor for the construction of what is now generally known as the Wonderland Shopping Center in San Antonio, Bexar County, Texas; that Grimshaw failed to keep the premises in a reasonably safe condition, and by such negligence proximately caused the death of Zoller, in that on the evening of July 24, 1961, while Zoller was leaving the job site his feet and legs became entangled in some mesh wire, causing him to fall and strike his head on an upright steel reinforcement rod, or ⅜″ steel dowel, which pierced his right eye causing and producing injuries to his right eye, head and brain which subsequently, on August 1, 1961, produced his death.

It is further alleged that defendant Keeling was the foreman of the iron work on this construction job, and was the agent and employee of Grimshaw Company; that it was his duty as foreman to see that the steel reinforcement rods were bent over at the top after they were set in the concrete, and that Keeling failed to do this, and thus proximately caused Zoller's death.

Defendant Keeling filed his plea of privilege to be sued in Harris County, the County of his residence. His plea of privilege was controverted by plaintiffs, alleging venue in Bexar County under the provisions of Art. 1995, Subd. 9a, Vernon's Ann.Civ.Stats. Plaintiffs filed an amended petition and an amended controverting affidavit, alleging more in detail the negligent acts of the defendants. After hearing evidence the trial court overruled the plea of privilege, and Elliot G. Keeling has prosecuted this appeal.

This judgment must be reversed and rendered because there is no evidence in the record to show that Zoller met his death in the manner alleged in the petition and controverting affidavit.

Subdivision 9a, supra, reads as follows:

"9a. Negligence.—A suit based upon negligence per se, negligence at common law or any form of negligence, active or passive, may be brought in the county where the act or omission of negligence occurred or in the county where the defendant has his domicile. The venue facts necessary for plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than the county of defendant's residence are:

"1. That an act or omission of negligence occurred in the county where suit was filed.

"2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.

"3. That such negligence was a proximate cause of plaintiff's injuries."

The only testimony having any bearing whatever upon the manner in which Zoller met his death is the deposition of appellant, Keeling, and Zoller's death certificate. The court admitted the death certificate for the limited purpose of showing the age and death of Zoller, and excluded the hearsay statements in the certificate attempting to set out the manner in which he fell and injured himself. Appellees did not object in any way to the limited purposes for which the death certificate was admitted in evidence, and therefore they are not in a position to here complain of this ruling of the trial court. Thus the death certificate does not establish that Zoller got his legs and feet entangled in some wire and fell upon an upturned steel rod on the Wonderland job site.

Appellees, in attempting to show that Keeling in his deposition admitted that Zoller was injured at the time and place and in the manner alleged in the pleadings and controverting affidavit, refer us to the Statement of Facts, page 99, lines 17–21, reading as follows:

"A That particular type (of wire) there—laying down there was a heavier type than what was fell on, this area here in the slab where the trucks run was a heavier type mesh than this roll here. This was six by six which was used up here."

When this evidence is considered in the light of the fact that early in his deposition Keeling testified that he was not on the job site on the night that Zoller had his accident, it does not in any way establish when and how Zoller received his injury.

■ Appellees completely failed to prove that Zoller received his injury at the time and place and in the manner alleged.

■ It is well established law that where a plaintiff attempts to maintain venue against a defendant in a county in which he does not reside, under the provisions of subd. 9a, supra, such plaintiff has the burden of showing by the evidence that the defendant, through his negligence, proximately caused the death or injury complained of in the county of suit. Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825; Compton v. Elliot, 126 Tex. 232, 88 S.W.2d 91; Reynolds & Huff v. White, Tex.Civ. App., 378 S.W.2d 923; Baker & Taylor Drilling Co. v. Hemphill County, Tex.Civ. App., 376 S.W.2d 66; 60 Tex.Jur.2d p. 98, § 217.

The evidence here does not even show that Zoller was present at the time and place where it is alleged he was injured, much less the manner in which he was injured.

Appellees have filed a cross-assignment of error to the effect that the trial court erred in not admitting into evidence the death certificate of Elmore M. Zoller for all purposes. The record shows that appellees did not object at the time the trial court excluded parts of the death certificate, and are not now in a position to complain of such action on this appeal. 3 Tex. Jur.2d, Appeal and Error, p. 390, § 121.

The judgment is reversed and judgment here rendered sustaining appellant's plea of privilege. The Clerk of the District Court of Bexar County is directed to transfer this cause insofar as it relates to appellant, Elliot G. Keeling, to the District Court of Harris County, Texas, in the manner provided by Rule 89, Texas Rules of Civil Procedure.

## On Appellees' Motion for Rehearing, and Motion to Dismiss for Want of Jurisdiction

Appellees have filed a motion to dismiss this appeal for want of jurisdiction upon the theory that the plea of privilege of appellant, Elliot G. Keeling, became moot because the suit has been tried on its merits and a final judgment rendered disposing of the cause. See Schrader v. Perea, Tex.Civ. App., 367 S.W.2d 222, wr. ref.

The record before us shows that after appellant's plea of privilege was overruled on June 9, 1964, and after the appeal had been perfected to this Court, the main cause proceeded to trial on its merits before a jury, and the verdict of such jury was returned into court. Thereafter, defendants W. R. Grimshaw Company and Elliot G. Keeling filed motions for judgment notwithstanding the verdict, which were overruled, and the court proceeded to render a judgment in favor of plaintiffs in the cause and against Grimshaw Construction Company and Elliot G. Keeling, stated to be based upon the stipulations of all the parties and the verdict of the jury. This judgment was signed and entered on December 18, 1964. On December 29, 1964, W. R. Grimshaw Company and Elliot G. Keeling filed a motion for new trial, which was the eleventh day after judgment had been sign-

ed by the trial court, and not within the ten-day period provided for by Rule 329b, § 1, T.R.C.P. Thereafter, on January 4, 1965, the same parties filed a motion to set aside judgment, which was more than ten days but less than thirty days after the rendition of the judgment. This motion was heard, and the trial court entered a new judgment containing the following opening paragraph:

"On this the 11th day of January, 1965, after due notice, came on to be heard the motion of the defendants to vacate and set aside the judgment of this Court heretofore entered herein on the 18th day of December, 1964, and it appearing to the Court that said judgment should be corrected, modified or reformed and that a corrected, modified or reformed judgment be entered herein, it is hereby ORDERED, ADJUDGED and DECREED that said judgment of December 18, 1964, be and the same is hereby corrected, modified or reformed and that a corrected, modified or reformed judgment be this day entered in this cause as follows:"

This new judgment made numerous changes, and it was signed by the trial court on the 11th day of January, 1965, which was within the thirty-day period provided by Rule 329b, supra, during which time a trial court has control of its judgment and may set it aside even though the parties may not have timely filed a motion for new trial. Rule 329b, § 5, reads in part as follows:

" * * * The failure of a party to file a motion for new trial within the ten (10) day period prescribed in subdivision (1) of this rule shall not deprive the court of jurisdiction to set aside a judgment rendered by it, provided such action be taken within thirty (30) days after the judgment is rendered."

In the first judgment the plaintiffs did not recover one cent from "W. R. Grimshaw Company," but the recoveries were from Grimshaw Construction Company and Elliot G. Keeling, while in the second judgment there was no recovery against Grimshaw Construction Company, but all recoveries were from "W. R. Grimshaw Company" and Keeling. The first judgment awarded Kenneth Zoller $500.00 less than the jury awarded him. The second judgment expressly provided that the judgment should "bear interest at the rate of six per cent per annum from the date of signing of this Judgment," indicating that the trial court did not consider the judgment finally rendered until January 11, 1965.

There is nothing to indicate that the trial judge rendered any judgment until he signed the decree on December 18, 1964, so that was the exact judgment which he rendered on that date. Later the trial judge discovered he had made some judicial errors in rendering that judgment, and found it necessary, within the thirty-day period during which time he had plenary power over his judgment, to correct his judicial errors by in effect setting aside the first judgment and rendering a new and complete judgment. Swanson v. Holt, 126 Tex. 383, 87 S. W.2d 1090; Luck v. Hopkins, 92 Tex. 426, 49 S.W. 360; Caliva v. Texas Construction Material Co., Tex.Civ.App., 380 S.W.2d 641; Davila v. Caller Times Pub. Co., Tex. Civ.App., 308 S.W.2d 592; Rule 329b, T.R. C.P.; 33 Tex.Jur.2d 657, Judgments, § 135.

There cannot be two final judgments in one case unless they are provided for by law. Martin v. Crow, 28 Tex. 613; Kline v. Power, Tex.Civ.App., 114 S.W.2d 617; Colburn v. Ward, Tex.Civ.App., 40 S.W.2d 878; Stoltz v. Coward, 10 Tex.Civ.App. 295, 30 S.W. 935; Rule 301, T.R.C.P.

Furthermore, the first judgment might well be regarded as an interlocutory order, in that it did not dispose of the defendant "W. R. Grimshaw Company," and if this be true then the second judgment is the only final judgment in the case. Lubell v Sutton, Tex.Civ.App., 164 S.W.2d 41.

There is no contention that appellant did not timely file his motion for new trial after the signing of the January 11, 1965, judgment, therefore, we must conclude that the judgment had not become final. Accordingly, we overrule appellees' motion to dismiss on the grounds of mootness.

We have carefully considered appellees' motion for a rehearing and have decided that this cause was not fully developed in the trial court and, therefore, in the interest of justice, it should be reversed and remanded for a new trial. Woods v. Townsend, 144 Tex. 594, 192 S.W.2d 884; Milner v. Boswell, Tex.Civ.App., 377 S.W. 2d 763; Garrett v. Downs, Tex.Civ.App., 377 S.W.2d 113.

Accordingly, our judgment heretofore rendered on January 13, 1965, reversing and rendering the judgment of the trial court, is set aside, and the judgment of the trial court is now reversed and the cause remanded for a new trial.