**John E. HUFF et al., Appellants,**

v.

**William G. SPEER et al., Appellees.**

**No. 16915.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

July 14, 1977.

Rehearing Denied Aug. 11, 1977.

Werner & Rusk, John C. Werner, Roger B. Williams, Houston, for appellants.

George M. Flint, Jr., Houston, for appellees.

COLEMAN, Chief Justice.

This is a judgment entered on a jury verdict in favor of William G. Speer and Hollis L. Bradley for the amount due on two promissory notes executed by John E. Huff and Frank D. Hastings.

The notes were executed pursuant to a contract for the sale of the assets of a company owned by Speer and Bradley. A security instrument was executed bearing the same date and is a part of the same transaction. The appellants contend that the security agreement contains a condition precedent to be performed by the appellees prior to institution of a suit to collect on the note.

The last paragraph of each of the promissory notes reads:

"The payment of this note is secured by one or more security agreements and the terms of said security agreements are specifically incorporated herein as if fully set out."

The security agreement provided that in case of default of any of the provisions of the agreement the

"Secured Party will have the right to exercise one of the following two alternatives and only one of the following two alternatives:

(a) Foreclose under this security agreement which will satisfy and discharge any liability of the Debtor to the Secured Party, its successors and assigns; or

(b) Sue the Debtor on the promissory note which the security agreement secures. In the event Secured Party elects to sue on said promissory note, Debtor shall be entitled to return of all shares pledged under this agreement prior to the institution of said lawsuit and the return of the pledged shares to the Debtor shall be a condition precedent to enforcing Debtor's liability on said promissory note."

The two notes were made payable to Acme Welding Supply, Inc., the corporation

selling its assets. The assets were transferred to Welding Associates, Inc. and the notes were signed by this corporation and by Frank D. Hastings and John E. Huff. After the transaction was consummated Acme Welding Supply Co., Inc. voluntarily dissolved its corporate existence and the notes were transferred to the appellees. Welding Associates, Inc. then changed its corporate name to Acme Welding Supply Co., Inc.

Appellee brought suit against Welding Associates, Inc., Frank D. Hastings and John E. Huff on the promissory notes and recovered judgment. The corporation has not appealed.

Bradley and Speer filed this suit on the promissory notes without first returning the corporate stock pledged as security. In their motion for judgment non obstante veredicto Hastings and Huff called the court's attention to the alleged fact that the plaintiffs totally failed to comply with the condition precedent to enforcing the defendants' liability on the promissory notes through the filing of a lawsuit by reason of the plaintiffs' failure to return the pledged securities to the defendants prior to the bringing of the suit. This contention has been presented to this court by a proper point of error.

■ Forfeitures are not favored. Courts are inclined to construe the provisions in a contract as covenants rather than as conditions. If the terms of a contract are fairly susceptible of an interpretation which will prevent a forfeiture, it will be so construed. *Henshaw v. Texas Natural Resources Foundation*, 147 Tex. 436, 216 S.W.2d 566 (1949).

■ The language of the security agreement under consideration provides that the debtor shall be "entitled" to return of the shares pledged prior to the institution of the lawsuit, and further provides that the "return of the pledged shares to the debtors" shall be a condition precedent to enforcing debtors liability on the promissory notes. It does not provide that the return of the pledged shares "prior to the institution of said lawsuit" shall be a condition

precedent to enforcing liability. The shares in question were tendered into the registry of the court after institution of the lawsuit. The record does not reflect that the defendants in the trial court suffered any loss because the plaintiffs tendered the shares of stock into the registry of the court instead of returning them to the owners directly. There is no evidence that injury to the defendants resulted from the failure to return the shares prior to the institution of the lawsuit.

The evidence reflects that the corporation had ceased to do business prior to the date on which the lawsuit was instituted. The defendants had received the assets of the corporation and their obligation to pay therefor was fully matured prior to the institution of the suit. The pledged shares were deposited in the registry of the court prior to the rendition of the judgment on the promissory notes. There is nothing in the record to show that the defendants sought and were refused possession of the shares of stock prior to the date on which judgment was rendered. Return of the pledged shares to the defendants was not a condition precedent to the institution of the lawsuit, rather it was a condition precedent to the enforcement of liability on said notes. *Henshaw v. Texas Natural Resources Foundation, supra;* 25 Tex.Jur.2d Forfeiture § 4.

The rule found in the Restatement of the Law of Contracts, Vol. 1, § 302, has been followed by the courts of Texas. *Lesikar Construction Company v. Acoustex, Inc.,* 509 S.W.2d 877 (Tex.Civ.App.—Fort Worth 1974, writ ref'd n. r. e.).

The Restatement provision reads:

"A condition may be excused without other reason if its requirement
(a) will involve extreme forfeiture or penalty, and
(b) its existence or occurrence forms no essential part of the exchange for the promisor's performance."

The facts developed at the trial bring this case within the ambit of that rule.

The defendants plead as a defense to the suit on the note a failure of consideration

resulting from the alleged failure of the plaintiffs to perform under the terms of employment contracts executed by the parties as required by the contract of sale. They also plead a material misrepresentation concerning the assets and liabilities of the corporation which induced the defendants to enter into the contract.

In answers to the issues submitted the jury found that: (1) Speer and Bradley did not misrepresent to Hastings and Huff the value of the assets and liabilities of Acme Welding Supply, Inc.; and (2) Speer and Bradley did not fail to perform under the employment contract. The defendants present both no evidence and insufficient evidence points relating to the jury's findings in their brief. However, the defendants failed to properly preserve their insufficient evidence points in their motion for new trial. With respect to special issues one and six with which we are concerned the evidentiary assignments in the motion for new trial begin with the language:

"The court erred in overruling the defendants' motion for judgment, or, alternatively, for judgment non obstante veredicto and in entering judgment in favor of plaintiff   .   .   .."

Assignments of error couched in the language quoted constitute no evidence points even though the assignment contains "great weight" or "insufficient evidence" language. *McDonald v. New York Central Mutual Fire Insurance Company*, 380 S.W.2d 545 (Tex.1964); M. O'Connor, Appealing Jury Finding, 12 Hous.L.Rev. 65 (1974). We may consider only the "no evidence" points of error.

The first special issue relates to the question of misrepresentation of the value of the assets and liabilities of Acme Welding Supply, Inc.

Acme Welding Supply, Inc. was in the business of selling various gases under compression in cylinders. A great volume of their business consisted in the resale of various gases purchased from the Linde Corporation contained in cylinders which they rented from the Linde Corporation.

After Welding Associates, Inc. purchased the assets of Acme Welding Supply, Inc., Welding Associates, Inc. continued in this business and continued purchasing gas from Linde Corporation. In January, 1971, the Linde Corporation took an inventory of cylinders which had been rented to Welding Associates, Inc. and found that approximately 1,000 cylinders were missing. Welding Associates, Inc. was billed the sum of $40,000.00 by Linde Corporation for the lost cylinders.

Plaintiffs had presented to the defendants a balance sheet of the company in connection with the sale in 1968 which did not reflect any lost cylinders. The records of the Acme Corporation reflected the number of cylinders on which they paid rental to the Linde Corporation and the number of cylinders on which they were collecting rental from their customers. The correlation of the monthly statements reflected a shortage of some 25 to 30 cylinders from time to time. Huff testified that he didn't know when the cylinders were lost. Bradley testified that they were lost over a 15 year period. Speer testified that in December of 1968 there was no shortage. He assumed that the cylinders were lost by Welding Associates, Inc. between December, 1969 and January, 1971. There is evidence in the record which supports the finding of the jury in answer to special issue number one. The point of error is denied.

The defendants plead failure of consideration as a defense to their liability on the notes. Special issue number six reads:

"Do you find from a preponderance of the evidence that William G. Speer and Hollis L. Bradley failed to perform the services that they agreed to perform under the terms and provisions of the employment contract dated December 3, 1968, during the period of time that they were being paid a salary pursuant to the terms of said employment contract?"

The jury answered this issue "we do not." Predicated on special issue number six were certain special issues which the jury did not answer, inquiring whether William G. Speer and Hollis L. Bradley represented to Has-

tings and Huff that they would perform under the terms of the employment agreement with the intention to induce Frank D. Hastings and John E. Huff to execute the promissory notes in question; whether Hastings and Huff relied upon the agreement in executing the promissory notes in question; and whether the agreement to perform the services was material to Hastings and Huff in executing the promissory notes.

 There is considerable testimony concerning the work which Speer and Bradley did under the employment contract. Both Speer and Bradley testified in effect that they did the work which they were instructed to do during the period of time that they were being paid. While there is contradictory evidence in the record, a no evidence point cannot be sustained.

 Even had the jury found for the defendants on this issue the judgment would not have been affected by such a finding. The failure of consideration, if any, was partial only. The defendants failed to produce evidence to show the extent thereof, and failed to request issues to establish the loss suffered by reason thereof. There was, therefore, no basis in the record for a judgment in favor of the defendants. *L. D. Powell Co. v. Sturgeon*, 299 S.W. 274 (Tex.Civ.App.—Texarkana 1927, no writ history); *Milner v. Boswell*, 377 S.W.2d 763 (Tex.Civ.App.—Fort Worth 1964, no writ history).

A partial failure of consideration will not invalidate a contract and prevent recovery thereon, but is a defense pro tanto thereto. *American Nat. Bank of Houston v. American Loan & Mortgage Co.*, 228 S.W. 169 (Tex.Com.App. Sec. A 1921, jdgmt. adopted).

The judgment is affirmed.