**H. L. DE BUSK, Appellant,**

v.

**T. W. CADENHEAD et al., Appellees.**

**No. 7044.**

Court of Civil Appeals of Texas.

Amarillo.

April 17, 1961.

Rehearing Denied May 8, 1961.

Sam H. Allred and H. L. DeBusk, Lubbock, for appellant.

Crenshaw, Dupree & Milam, Lubbock, for appellees.

NORTHCUTT, Justice.

This is a damage suit brought by H. L. DeBusk against Frieda Shumate, a feme sole, and T. W. Cadenhead seeking to recover damages because of an automobile collision. The parties will be hereafter referred to as they were in the trial court. T. W. Cadenhead was the owner of the car driven by his daughter, Mrs. Frieda Shumate, and had given his consent for her to use and drive the car in question but he was not in the car at the time of the collision. The plaintiff pleaded that Frieda Shumate was guilty of the following acts of negligence:

"1. In violating Section 73, Article 6701d, subsections a and b of the Revised Statutes of Texas, by failing to stop and yield the right of way to Plaintiff's automobile after it had come to a complete stop at the stop sign and then proceeded slowly and cautiously into the intersection as the said statute directs.

"2. In the driving of defendant's automobile at an unreasonable, imprudent and unsafe speed under conditions then existing at her approach to the intersection.

"3. In failing to turn defendant's automobile so that it would have missed plaintiff's automobile, which had its front not over ten feet into the intersection on a street 36 feet wide, giving her not less than 26 feet in the entire street and not less than eight feet on the right side of said street.

"4. In failing to keep defendant's automobile under proper control.

"5. In failing to keep a proper lookout under the conditions then existing at such intersection. What is called a through street with stop signs on either side of its intersection, does not release drivers from using due care to other vehicles entering such intersection in compliance with the law."

The defendants answered denying the nine acts of negligence as pleaded by the plaintiff and pleaded that the plaintiff was guilty of the following acts of negligence:

"(1) That plaintiff failed to stop his automobile at the stop sign located on 30th Street which he was required to do by law.

"(2) That the plaintiff failed to yield the right of way to the defendant, Frieda Shumate, in violation of Article 6701d, Section 73.

"(3) That the plaintiff failed to keep a proper lookout both before entering said intersection and after entering said intersection.

"(4) That the plaintiff was driving his automobile at an excessive rate of speed under the then existing circumstances.

"(5) That the plaintiff failed to turn his automobile to the right in order to avoid the collision.

"(6) That the plaintiff failed to keep his automobile under proper control.

"(7) That the plaintiff failed to apply his brakes in time to avoid the collision.

"(8) That the plaintiff failed to stop his automobile in time to avoid the collision.

"(9) That the plaintiff failed to give warning to the defendant, Frieda Shumate, that he was going to drive into said intersection, and failed to yield the right of way to her vehicle."

The case was submitted to the jury upon the acts alleged as being negligence. The jury answered that Frieda Shumate was not guilty of any of the acts of negligence alleged by the plaintiff but found the plaintiff failed to stop at the stop sign and that such failure was a proximate cause of the collision in question; that plaintiff failed to yield the right of way and that such failure was negligence and a proximate cause of the collision in question; that plaintiff failed to keep a proper lookout before entering the intersection and the same was a proximate cause of the collision in question; that plaintiff failed to keep a proper lookout after entering the intersection and the same was a proximate cause of the collision in question; that plaintiff was driving his automoble at a rate of speed higher than would have been driven by an ordinarily prudent person under the same or similar circumstances and the same was a proximate cause of the collision in question; that plaintiff immediately prior to the collision in question failed to turn his automobile to the right and that same was negligence and a proximate cause of the collision in question; that plaintiff failed to apply his brakes to avoid the collision and that it was negligence and a proximate cause of the accident; that plaintiff immediately before the collision failed to have his automobile under proper control and the same was a proximate cause of the collision; that the failure of plaintiff to stop his automobile in time to avoid the collision was negligence and was a proximate cause of the collision; that plaintiff failed to give warning of his approach to Frieda Shumate and that the same was negligence and a proximate cause of the collision and then found that Frieda Shumate was faced with a sudden emergency and that she exercised the care of the ordinarily prudent person under the same or similar circumstances

and the jury also found the collision was not the result of an unavoidable accident. The court entered judgment on the verdict that the plaintiff recover nothing. From that judgment plaintiff perfected this appeal.

 By plaintiff's first point of error, it is contended that the verdict of the jury was not unanimous as required by Rule 291, Texas Rules of Civil Procedure. In attempting to show in his motion for a new trial that all the jury did not agree to the verdict, the plaintiff had the testimony of L. L. Shaver, one of the jurors, taken before Judge Bean presiding in the 72nd District Court of Lubbock County, Texas and had said testimony of L. L. Shaver recorded to be read back to Judge Lindsey who tried the case. Judge Lindsey then overruled the motion for a rehearing. By plaintiff's point of error 1(a) it is contended it was fundamental error for Judge Bean to hear the testimony of L. L. Shaver and to have the testimony recorded to be read by Judge Lindsey because Judge Lindsey was not in position to judge as to the credibility and was not in position to observe the demeanor of the witness. We think Judge Bean had the right to hear the testimony and have it recorded for Judge Lindsey to read. Rule 330, Section (h), T.R.C.P. There was nothing shown in the record at the time of such hearing by Judge Bean or at any time prior to the motion for a new trial that the plaintiff objected to the procedure of permitting Judge Bean to hear the evidence concerning the matter but it is shown that the parties appeared and agreed to act thereon before Judge Bean under Rule 330. Further considering plaintiff's first point that the verdict in the case was not unanimous, we must consider what was done. The jury had answered all the questions and the foreman had signed the verdict. The jury returned into Court and their verdict was read to all of them and the Court asked the jury if that was their verdict. L. L. Shaver was on that jury at the time the Court asked the jury if that was their verdict and he

did not protest and did not in any manner let the Court know he was not in full accord with each and every issue answered. A verdict does not become an official act and effective in law until it is received and accepted by the Court, and before this time and up to the time of tender and acceptance, any juror may dissent therefrom. The testimony of Mr. Shaver is nothing more than an attempt to impeach his verdict, and under the law he cannot do so in such manner. Lee v. Galbreath, Tex.Civ.App., 234 S.W.2d 91. Plaintiff's points of error 1 and 1(a) are overruled.

■ By plaintiff's second point of error it is contended the verdict was manifestly wrong and against the preponderance of the evidence and could not be reasonably accounted for by any fair and dispassionate consideration of the evidence and that the verdict was the result of prejudice against the plaintiff and sympathy for the defendant. There is nothing in this record to show any prejudice against the plaintiff by any member of the jury. We can understand the feeling of the plaintiff in thinking the jury should have found as he thought they should have because of his testimony and that of the lady riding with him; but in the face of the findings of the jury contrary to his testimony, and there being sufficient evidence to sustain such findings, we are bound by the verdict of the jury. Plaintiff's point two is overruled.

By plaintiff's third point of error it is contended the verdict is contrary to the pleadings of the parties in that they alleged a violation of Art. 6701d, Section 73, Subsection (a), Vernon's Ann.Civ.St., whereas the verdict shows to be based on Subsection (b) of said statute under a special charge by the court. We are unable to consider this as a point of error but if we are wrong in that conclusion it would be harmless error. The plaintiff by his pleadings pleaded both Subsections (a) and (b). We overrule plaintiff's third point of error.

Plaintiff's fourth point of error does not state a point of error sufficient to be considered.

■ We are unable to consider plaintiff's remaining points of error as they are so general and abstract propositions that we are unable to determine what plaintiff is complaining about. It seems to be the contention that the court's charge as to Art. 6701d, Section 73, Subsection (a) caused the jury to believe that a driver can not comply with Subsection (a) without stopping at such stop sign although Subsection (a) may be complied with by stopping and yielding the right of way at the curb line or some point nearer the intersection than such stop sign. In that part of the court's charge concerning said statute, the first paragraph has reference to Subsection (a) and the next paragraph has reference to Subsection (b). The charge applying to the stop sign states the driver must stop in *obedience* (emphasis ours) to a stop sign at an intersection. It clearly shows it is the stop sign that is at the intersection and not where the driver must stop. In other words, the driver must stop because of the stop sign directing him to do so. We think the charge was correct. Finding no reversible error, the judgment of the trial court is affirmed.