**L. M. MANFORD et al., d/b/a Nixon Products Company, Appellants,**

v.

**KELLEY MANUFACTURING COMPANY, Inc., Appellee.**

No. 13805.

Court of Civil Appeals of Texas.

Houston.

Sept. 28, 1961.

Rehearing Denied Oct. 19, 1961.

R. L. Miller, Gonzales, for appellants.

Ross, Banks & May, Houston, R. B. Cron, Houston, of counsel, for appellee.

COLEMAN, Justice.

This is an appeal from an order overruling a plea of privilege. The point to be decided is whether or not appellants agreed in writing to pay the account sued on in Houston, Texas. The case was tried to the court without a jury and no findings of fact or conclusions of law are included in the record.

To sustain venue in Harris County, Texas, appellee introduced into evidence certain invoices covering part of the account. There is testimony that other invoices were sent to appellants as deliveries were made. Only one of the invoices introduced into evidence bore a properly proven signature of one of the appellants. On all of the invoices was printed, "Accounts payable at Houston, Texas." The first invoice was paid promptly. Other payments were made, but the account was never paid in full. There was testimony to the effect that there was a "verbal order" for merchandise; that when "this order was accepted and before these items were shipped," there was a complete agreement as to what the order was to consist of and the approximate date of delivery. The maximum price per unit was agreed on and appellants were to pay the cost of the special dies required in the manufacturing process. Appellants agreed to make payment for the merchandise on appellee's "usual terms and conditions of sale." There were to be some changes made which might affect the unit prices submitted in writing and the prices quoted in the invoices were not identical with the previously quoted prices. The invoices were sent with each shipment and were signed after the merchandise was delivered.

The testimony supports the implied finding of the court that the contract was oral in part and written in part. The price per unit was not agreed upon in the oral negotiations. The price quotations were later submitted in writing. It was the understanding of the parties that the quotations were maximums. The actual prices appeared only in the invoices. The usual terms and conditions of sale appeared only in the invoices and one of the conditions was that the account was payable in Houston, Texas. The invoice signed by appellant merely reduced to writing part of the previous oral agreement.

The signed invoice by the terms of which appellant agreed to make payment in Houston, Texas, constituted part of the contract between the parties. By reason of this instrument appellants have "contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing," as required by Subdivision 5 of Article 1995, Vernon's Annotated Civ. Statutes of Texas. Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825; Berry v. Pierce Petroleum Corporation, Tex.Com. App., 120 Tex. 452, 39 S.W.2d 824, opinion adopted; Dowdell v. Ginsberg, Tex. Civ.App., 244 S.W.2d 265; Vinson v. Horton, Tex.Civ.App., 207 S.W.2d 432.

The judgment is affirmed.