Arthur S. SANDERS, Appellant,

v.

Ernest DUNLAP, Appellee.

No. 6804.

Court of Civil Appeals of Texas.

Beaumont.

March 24, 1966.

Rehearing Denied April 13, 1966.

Stephenson, Stephenson & Thompson, Orange, for appellant.

Sexton & Owens, Orange, for appellee.

PARKER, Justice.

Ernest Dunlap sued Arthur S. Sanders for the title and possession of a small tract of land in the City of Orange in the ordinary form of trespass to try title and for the rental value of such property occupied by Sanders since February 13, 1962. A jury trial was had. Defendant's answer consisted of a plea of not guilty, good faith possession for seven years and permanent and valuable improvements in good faith on said land of $2,640.00. Dunlap filed a motion to disregard the findings of the jury to special issues Nos. 2 and 3 and that judgment be entered for Dunlap upon the remaining findings of the jury, which motion was sustained by the court and judgment entered accordingly, with Dunlap recovering from Sanders the title and possession of the land and $900.00 rent.

The jury findings were: (1) Arthur Sanders and Irene Dunlap Hunt were not married at common law; (2) Arthur Sanders made valuable improvements on the property in question in good faith; (3)

$2,640.00 would be reasonable to compensate Arthur Sanders for the value of improvements made upon the property in question; and (4) the rental value per month of the premises in question from February 13, 1962, until date of trial was $30.00 per month.

Irene Hunt was a feme sole at the time she acquired the title in fee simple to the land in controversy by deeds dated March 24, 1936, and August 7, 1937. She died testate February 12, 1962. Her only heirs at the time of her death were her brother, Ernest M. Dunlap, and her sister, Rita Alma Griffith. Her will was dated July 8, 1961, and was duly admitted to probate. Under its terms she devised all of her property to her brother. Although Ernest M. Dunlap and Sanders each made application to be appointed administrator with the will annexed of the estate of Irene Hunt, the probate court appointed Herbert Journeay who duly qualified as such. From this order, Sanders appealed to the district court of Orange County but dismissed the appeal. Journeay qualified as administrator with will annexed on March 22, 1962. On February 25, 1963, the account for final settlement of the estate of Irene Hunt was approved by the court and he was ordered to deliver the estate of Irene Dunlap Hunt to Ernest Dunlap and upon compliance with such order, Journeay was discharged as administrator with will annexed.

Appellant Sanders' first point of error is the trial court erred in granting judgment non obstante veredicto and denying appellant's good faith claim for improvements awarded by the jury. The trial court found that the jury's findings in answer to special issues 2 and 3 should be disregarded on the ground that there was no evidence to raise such issues or sustain the findings of the jury thereon, and for other reasons.

 Rule 418, Texas Rules of Civil Procedure, provides that a point of error is sufficient if it directs the attention of the court to the error relied upon. Missouri-Kansas-Texas RR Co. v. McFerrin,

156 Tex. 69, 291 S.W.2d 931 (1956), held that this rule refers to the particular error relied upon. Discovering from the evidence the facts upon which appellant relies is not the duty of this court. Appellant directs our attention to no evidence as to when the improvements were made, the value of the property without the improvements, the value of the property with the improvements, or that the improvements enhanced the value of the property in any amount. Further, special issue No. 3 is not an ultimate issue upon which judgment could be rendered. Accordingly, appellant's first point of error is overruled.

Appellant's points of error 2, 3, 4, and 5 will be considered together. They are as follows:

"2. The trial court erred in submitting special issue No. 4 concerning rent, because the form of the issue was a comment upon the weight of the evidence by the court.

"3. The trial court erred in submitting special issue No. 4, because there was no proper predicate at law laid for the submission of said issue.

"4. The trial court erred in submitting special issue No. 4, because special issue No. 4 was not framed in a manner that would allow the statutory offset as contemplated by the statutes of the State of Texas.

"5. The trial court erred in refusing to allow any finding on special issue No. 4 to be offset against the jury's finding on the claim for improvements as contemplated by the statutes of the State of Texas."

 It is undisputed that appellant occupied and used the premises in question from February 13, 1962 until the time of trial. Proof was made of the rental value of the property far in excess of the amount allowed by the jury. Appellant at no time disputed or contradicted the evidence on rental value of the property

offered by appellee. All evidence was that it had a rental value. The only objection to the charge as to special issue No. 4 made by appellant was "and there is no issue inquiring or stating any grounds or in any way making a finding that the plaintiff is entitled to any rental." Under T.R.C.P. Rule 805 there can be no question but that appellee from the date of Irene Hunt's death was entitled to damages against appellant for the use and occupancy of the premises subsequent to her death. The answer of the jury to special issue No. 1 was the proper predicate for the submission of special issue No. 4.

Appellant's points of error are each overruled.

Judgment of the trial court affirmed.