**Helen PIANO, Appellant,**

v.

**GULF COAST INVESTMENT COR-
PORATION, Appellee.**

No. 122.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

May 29, 1968.

Rehearing Denied June 19, 1968.

Edward C. Fritz, Fritz & Vinson, Dallas, for appellant.

Bryan W. Scott, Urban, Coolidge, Pennington & Heard, Houston, for appellee.

TUNKS, Chief Justice.

This is a plea of privilege case.

Gulf Coast Investment Corporation, plaintiff in the trial court and appellee here, filed suit in the District Court of Harris County, Texas, on the promissory note executed by Helen Piano, defendant in the trial court and appellant here. The defendant filed a plea of privilege alleging that she was a resident of Dallas County, Texas, and that there existed no exception to her privilege to be sued in the county of her residence. Plaintiff filed a controverting affidavit alleging that the suit was on a written instrument payable in Houston, Texas; that Houston, Texas was in Harris County so that subdivision 5 of Art. 1995, Vernon's Ann.Tex.St., authorized the maintenance of the suit in Harris County. The trial court overruled the plea of privilege. Helen Piano thereupon appealed to this court.

The order overruling the plea of privilege recites that it was heard on Jan-

uary 15, 1968, and that "upon good and sufficient evidence" the plea of privilege was overruled. The order overruling the plea of privilege recites that it was rendered and signed on January 30, 1968. Rule 385, Texas Rules of Civil Procedure, requires that on appeal from such order the record must be filed within twenty days from the rendition of the judgment. The rendition date for appeal purposes, was January 30, 1968, the day that the order recites that it was signed. Rule 306b, T.R.C.P. The statement of facts was not presented to the Clerk of this Court for filing until March 8, 1968. No motion to extend the time for the filing of the statement of facts was filed in this Court until March 14, 1968. We are empowered to extend the time for the filing of the statement of facts only if a motion so to extend is filed before the statement of facts is due to be filed or within five days thereafter. Thus we have before us no statement of facts which we may consider and we must presume that the evidence heard by the trial court presented a factual basis for the overruling of the plea of privilege. Huckman v. Campbell, Tex.Civ.App., 252 S.W.2d 604, 605, err. ref., n. r. e.

The note sued on was attached to the plaintiff's original petition and incorporated by reference in its controverting plea. It had on it an endorsement from plaintiff, the payee, to a Houston bank. The appellant, by point of error, says that the trial court erred in overruling its plea of privilege because appellee's pleadings "allege a note which shows that it has been assigned to a third person not a party to this suit." In its controverting affidavit appellee alleged that it was the owner and holder of the note. Of course, there may be many factual situations wherein a named payee may be the owner and holder of a note which is in his possession despite the fact that it shows on its face an endorsement to another. As, for instance, the endorsement was of no effect if there was no delivery to the endorsee. Bussan v. Donald, Tex.Civ.App., 244 S.W.2d 271, no writ hist.;

Sec. 3.202, Uniform Commercial Code— Commercial Paper. Absent a statement of fact, we must presume that the trial court found, on sufficient evidence, one of these fact situations to exist.

The transcript in this case, timely filed, shows that the hearing on appellee's controverting plea was set by the court for 9:00 o'clock a. m., January 15, 1968. On December 29, 1967, the appellant's attorney wrote a letter to the clerk of the trial court stating that he had a conference in Chicago which conflicted with the setting and asking that the hearing be postponed for a week. The clerk replied, advising the attorney that it would be necessary for him to file a formal motion for continuance since the attorney for appellee would not agree to the postponement. On January 11, 1968, the appellant's attorney filed a sworn motion asking that the hearing be reset either for January 22, 1968, or March 1, 1968. The only reason given for such postponement was that appellee's attorney "must attend a conference set long previously in Chicago that week." The record does not reflect that the appellant caused this motion to be presented to the trial court before the hearing on the controverting affidavit. However, there appears in the transcript an order overruling the motion. This order was signed on January 30, 1968, and recites a hearing on the motion on January 15, 1968. We assume that either the clerk of the trial court or appellee's attorney called the motion to the court's attention, though neither of them was obliged to do so.

■ The appellant's points of error with reference to the overruling of the motion for continuance are overruled. The motion was addressed to the court's discretion and, under the circumstances, the court acted well within the limits of such discretion in overruling the motion. American Supply & Equipment Co. v. Steves Industries, Inc., Tex.Civ.App., 353 S.W.2d 239, no writ hist.; Rules 251 and 253, T.R.C.P.

The note upon which the plaintiff sued had printed in bold type in the lower left-hand corner: "Negotiable and Payable in Houston, Texas." It was dated August 1, 1965. On January 30, 1968, the appellant filed in the trial court a "Motion to Present Further Evidence." In this motion she recited that she first learned that her plea of privilege had been overruled when her attorney checked the file on January 29, 1968 (this despite the fact that an alternative date requested by her for the hearing in her motion for continuance was January 22, 1968). The motion then recited that in 1965 the City of Houston had enacted ordinances annexing territories lying within Fort Bend and Montgomery Counties so that the city, in which the note was payable, no longer lay wholly within Harris County. The trial court noted at the bottom of that motion, "January 30, 1968—Court refused to consider, without prejudice to defendant filing a Motion to Set Aside Order—William M. Holland." The defendant did not file a Motion for New Trial or any other form of motion to set aside the order overruling the plea of privilege.

■ It is true as argued by appellant, that a note calling for payment in a designated city, which city does not lie wholly within one county, does not meet the requirements of subdivision 5, Art. 1995, so as to deprive the maker of that note of its privilege of being sued in the county of its resident. Southwestern Investment Co. v. Shipley (Tex.Sup.Ct.), 400 S.W.2d 304. However, if, under the record before us, we are permitted to take cognizance of the ordinances to which appellant refers, we note that they were not enacted until after the date of the execution of the note in question. Contracts are construed in the light of the facts existing at the time of their making. Lone Star Gas Co. v. X-Ray Gas Co., 139 Tex. 546, 164 S.W.2d 504; Austin Stone Industries v. Capitol Powder Co., Tex.Civ.App., 290 S.W.2d 689, writ ref., n. r. e. Thus, the defendant executed a written contract which, as of the date of its execution, provided for performance in a place which, within the judicial knowledge of the trial court, was in Harris County.

Southwestern Investment Co. v. Shipley, supra; Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825; Manford v. Kelly Mfg. Co., Tex.Civ.App., 350 S.W.2d 209, no writ hist.; Bayou Properties, Inc. v. Gobble, Tex.Civ.App., 347 S.W.2d 314, no writ hist. Subsequent changes, if any, in the boundaries of this City of Houston so as to include land lying in other counties than Harris County, would be wholly immaterial.

Appellant also contends that the allegations of the appellee shows that there has been no default in the payment of the note on which the suit is based and that the plea of privilege should have been sustained for that reason. We overrule that contention. Proof of breach of the contract sued on is not one of the venue facts under subdivision 5 of Art. 1995. Smith v. Crockett Production Credit Ass'n, 372 S.W.2d 956, writ ref., n. r. e.; Wood Motor Co., Inc. v. Hawkins, Tex.Civ.App., 226 S.W.2d 487, no writ hist.

The judgment of the trial court is affirmed.