George R. DICKERSON, Appellant,

v.

MACK FINANCIAL CORPORATION,
Appellee.

No. 15532.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Dec. 18, 1969.

Rehearing Denied March 12, 1970.

Second Rehearing Overruled April 2, 1970.

John H. Holloway, Houston, for appellant.

Tom W. Foster, Houston, Weitinger, Bradshaw & Foster, Houston, of counsel, for appellee.

On Motion for Rehearing

COLEMAN, Justice.

In connection with appellant's motion for rehearing he has submitted a supplemental transcript. Leave to file this transcript is granted. Facts gathered from the instruments found in this transcript prompt us to withdraw our original opinion, and to substitute this opinion.

This is a suit on a debt founded on a contract in writing. After a jury trial judgment was entered in favor of appellee against D. B. McAllister and George R. Dickerson, jointly and severally. Only Dickerson has appealed.

A question involving the jurisdiction of this Court arises in connection with appellant's first point of error. On January 6, 1966, the trial court entered in this cause a judgment decreeing that appellee recover judgment of D. B. McAllister in the sum of $4,054.74, together with interest at the rate of 10% from May 27, 1963 to the date of the judgment, together with the sum of $608.21 as attorney's fees, with interest on the total sum at the rate of 6% per annum from date of judgment until paid, together with costs of court. This judgment recites that " * * * on this day came on to be heard the above entitled and numbered cause wherein Mack Financial Corporation * * * is plaintiff and D. B. McAllister * * * is defendant, and came the plaintiff * * * and announced ready for trial; and the defendant, though having been duly served with process, failed to appear or answer in his behalf, but wholly made default * * *." It will be noted that the judgment does not recite the appearance of the defendant Dickerson, although he had filed an answer at that time.

On May 25, 1967, appellee filed his first amended original petition, based on the same transaction and the same written instrument, again naming both McAllister and Dickerson as defendants. The transcript contains no pleadings filed by Mc-Allister, but does contain an original answer and an amended answer filed by Dickerson. In his amended answer Dickerson alleged that the judgment against McAllister entered on January 6, 1966 was a final judgment entered without severance of the joint cause of action alleged in the petition, and that "whatever claims plaintiff has against this defendant were merged into such judgment which in effect constituted a denial and disallowance of any claims against Dickerson."

In his answer he also stated:

"Therefore, said judgment is plead by way of both estoppel and by way of plea to the jurisdiction of the court to enter any further judgment since it may not enter two final judgments in one cause, that said judgment is res adjudicata of the issues herein, and constitutes a judgment upon the facts that the plaintiff take nothing against the defendant Dickerson."

On March 24, 1969, another judgment was entered in the case. It begins:

"Be it remembered that on the 12th day of November, 1968, came on for trial the above entitled and numbered cause, wherein Mack Financial Corporation is the plaintiff and D. B. McAllister and George R. Dickerson are the defendants and came all parties to such cause, in person or through their respective attorneys of record, and all parties having announced ready, and a jury of twelve (12) good and lawful men and women having been duly selected, empaneled and sworn, and all parties having read their pleading, adduced evidence upon the trial, and all parties having thereafter rested their cases. * * *"

In North East Independent School District v. Aldridge, 400 S.W.2d 893 (Tex. 1966), the court stated: "Analysis of the decisions * * * discussed is sufficient to lead us to the statement of a rule for determining, in most instances, whether judgments in which parties and issues made

by the pleadings are not disposed of in express language are, nevertheless, final for appeal purposes. When a judgment, not intrinsically interlocutory in character, is rendered and entered in a case set for a conventional trial on the merits * * * it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties. * * * "

■ The record does not reflect that the case was set for a conventional trial on the merits at the time of the hearing resulting in the default judgment. It recites that D. B. McAllister is "defendant" and makes no mention of Dickerson except in the style of the case. The court will not indulge a presumption that the case was set for a conventional trial on the merits. Here the default judgment granted against the defendant not answering contains no reference to an appearance by the defendant who had filed an answer and does not specifically dispose of the case as to this defendant. A default judgment may be taken at any time after the citation with the officer's return has been on file with the clerk for such length of time as to comply with Rule 107, Texas Rules of Civil Procedure, without a setting. Rule 239, Ibid. Rule 240, ibid, provides that an *interlocutory* default judgment may be entered against a defendant who has made default where the other defendant either has not been duly served or has answered, and the cause may proceed or be postponed as to the other. The default judgment was an interlocutory judgment only. Sindorf v. Cen-Tex Supply Co., 172 S.W.2d 775 (Tex.Civ.App.—El Paso 1943); Buttrill v. Occidental Life Ins. Co., 45 S.W.2d 636 (Tex.Civ.App.—Dallas 1932).

■ The judgment entered on March 24, 1969, clearly meets the test for finality prescribed by the Supreme Court. Rule 301, T.R.C.P., provides that only one final judgment can be entered in a suit. After a judgment meeting the test of a final judgment has been entered in a cause, the entry of a second final judgment in the same case is not a vacation of the first, and if there is nothing to show that the first is vacated the second is a nullity. Mullins v. Thomas, 136 Tex. 215, 150 S.W. 2d 83 (1941).

In Kone v. Security Finance Co., 158 Tex. 445, 313 S.W.2d 281 (1958), a partnership and its individual members were sued and one partner failed to answer. An interlocutory default judgment was entered against him. A trial on the merits followed. Following return of the jury's verdict the court, on motion, set aside the interlocutory judgment and entered a joint and several judgment against the partnership and all of the individual members. The Supreme Court held that the trial court had continuing control of the interlocutory order with power to set it aside even at a subsequent term of court.

In Lubell v. Sutton, 164 S.W.2d 41 (Tex. Civ.App.—Texarkana 1942, error ref.), the court stated: " * * * We think the interlocutory decree entered November 15, 1926, is shown to have been made final by the decree of the court entered July 18, 1927, approving the final report of receiver, when read in the light of the record leading up to the last-mentioned decree; and that said last-mentioned decree may correctly be characterized as the final judgment, within the terms of R.S.1925, Article 2211, providing that ' * * * *.' "

■ The trial court had the power to set aside the default judgment on his own motion prior to the entry of the final judgment. His intention to do this can be seen in that the terms of the judgment entered on March 24, 1969, materially differed from those contained in the earlier judgment. The judgments are inconsistent. The entry of a final judgment inconsistent in its terms with a prior interlocutory judgment operates to set aside the interlocutory judgment as a necessary result of the application of the rule that only one final judgment may be entered in a

case. Keeling v. Zoller, 388 S.W.2d 274 (Tex.Civ.App.—San Antonio 1965); Texas Crushed Stone Company v. Weeks, 390 S.W.2d 846 (Tex.Civ.App.—Austin 1965, ref., n. r. e.).

■ The propriety of the action of the trial court in denying a motion for summary judgment cannot be considered on an appeal from a judgment rendered after a trial on the merits. Castilleja v. Camero, 402 S.W.2d 265 (Tex.Civ.App.—Corpus Christi 1966, aff'd 414 S.W.2d 424, Tex. 1967); Archer v. Skelly Oil Company, 314 S.W.2d 655 (Tex.Civ.App.—Amarillo 1958, error ref., n. r. e.); Stewart v. Lomax, 395 S.W.2d 82 (Tex.Civ.App.—Corpus Christi 1965, error ref., n. r. e.).

In the petition on which the case was tried it was alleged that defendants, D. B. McAllister and George R. Dickerson, purchased a Mack Truck from Mack Trucks, Inc. and contracted to pay therefor a total time balance of $18,645.06 in forty-two equal successive monthly installments of $443.93 each. In connection with the sale, it was alleged, they executed a chattel mortgage on the truck, a copy of which was attached to the petition. The petition alleged that the chattel mortgage had been assigned by Mack Trucks, Inc. to Mack Financial Corporation and that Mack Financial Corporation is the legal owner and holder thereof.

It was alleged that at a time when $3,038.00 was past due, and the total sum of $10,210.39 unpaid, the truck was voluntarily relinquished to the plaintiff, who thereafter sold the truck to the highest bidder for $6,000.00; that after applying the proceeds of the sale to the indebtedness and allowing all just and lawful credits and offsets, there remained due a deficiency of $4,054.17. The defendants refused to pay the deficiency.

The alleged mortgage provided for attorney's fees of 15 per cent of the amount due under the mortgage. It also provided that the mortgagor would pay the deficiency with 10 per cent interest at Houston, Texas. The petition was not verified.

The answer filed by George R. Dickerson contained a plea in abatement, and a plea of limitations. Subject to these pleas the defendant filed a general denial. He specially denied that he executed the alleged chattel mortgage, and affirmatively plead other matters. The answer was verified by the affidavit of defendant's attorney of record.

At the trial the plaintiff introduced into evidence a copy of the chattel mortgage over the objection of the defendant that the original instrument was not accounted for, and the due execution of the instrument by Dickerson had not been established. Evidence was introduced sufficient to support the finding of fact made by the jury that Dickerson had in fact executed the instrument in five counterparts. This was recited in the instrument. The instruments were immediately assigned in writing to Mack Financial Corporation, and there was evidence that Dickerson signed a provision printed on the chattel mortgage forms acknowledging notice of the assignment and agreeing to make payments directly to Mack Financial Corporation at 5331 Gulf Freeway, Houston, Harris County, Texas. There was testimony that the original copy was sent to Mack Trucks' main office, but it was not accounted for otherwise.

■■ The instrument in question is not negotiable, but is a simple contract. The possession of the instrument is not a vital concern. In the absence of adequate notice to appellant of an assignment of the debt by Mack Financial to another, the right of action of such an assignee against appellant would be defeated by the payment of the debt to Mack Financial. Ft. Worth & Denver Ry. Co. v. Ferguson, 261 S.W.2d 874 (Tex.Civ.App.—Ft. Worth 1953, writ dism.); Globe Indemnity Co. v. West Texas Lumber Co., 34 S.W.2d 896 (Tex.Civ.App.—Austin 1930).

■ There was testimony by the notary public who took the acknowledgments to

the instruments that he did not remember the transaction at the time of the trial, but his testimony was sufficient to conform to the rules governing the use of a memorandum of past recollection. His testimony, and the instrument itself, furnished evidence of probative force that Dickerson executed the instrument. McCormick and Ray, Texas Law of Evidence, Vol. 1, Sections 542 et seq.

█ Samples of the genuine signature of Dickerson were introduced, and were available for comparison by the jurors. Such evidence is authorized by statute and supports the jury finding. Article 3737b, Vernon's Ann.Civ.St.; Roberts v. Capitol City Steel Co., 376 S.W.2d 771 (Tex.Civ. App.—Austin 1964, error ref., n. r. e.).

> "A written transaction, such as a contract, lease, deed or the like may be evidenced by several counterparts or identical copies of the written terms, all of them being signed, or at any rate, designed to be considered as of equal force as embodying the transaction. * * * Each of these counterparts is admissible as an 'original' without producing or accounting for the others. * * * *" McCormick and Ray, Texas Law of Evidence, Ch. 29, § 1564, p. 406.

Appellant asserts a point of error relying on the provisions of the "Distributor's Guarantee" printed on the chattel mortgage form. The form contains blanks for the insertion of a date and for the signature of the distributor. No date was inserted in the blank and no signature appears in the blank provided therefor. Dates and signatures appear in proper blanks provided in the printed "assignment," and "Mortgagor's Receipt of Notice of Assignment," as well as in the chattel mortgage proper. The contract is construed to require signatures before these various provisions become operative.

The executed assignment establishes ownership of the debt in Mack Financial Corporation as of the date of the assignment and it must be presumed that such ownership continued unless a fact issue is raised by evidence of a change in ownership. Appellee introduced into evidence a letter from Mack Trucks, Inc., signed by A. C. Tabbert, Regional Credit Manager, to G. R. Dickerson informing him that Mack Trucks, Inc. had taken "peaceful possession" of the truck in question and proposed to sell it at private sale at 533 Gulf Freeway, Houston, Texas, to the highest bidder for cash; and that from the proceeds of such sale, after deducting the expense of retaking, storing, and selling said truck, "the balance remaining will be applied to the amount due Mack Trucks, Inc.," such balance being $10,210.37.

Mr. Jack E. Terry, the branch manager of Mack Trucks, Inc., testified that he was the custodian of the records of Mack Trucks, Inc., kept by the Houston office, and that a complete file on the transactions had in connection with the sale of the truck in question to McAllister and Dickerson was maintained. He testified that he talked to Dickerson in person and by telephone to collect money due on the truck, and that Dickerson made payments to him. He testified that the truck was not paid for in full; that it was hauled in to the premises of Mack Trucks, Inc., without a motor; that at that time $3,038.00 was past due, and the total balance unpaid was $10,200.00. He testified that the normal procedure in such a case was for Mack Financial to write the party in default a letter notifying them that the truck would be sold at a particular time and place, and that such a letter was in the file. He testified that "our records" indicate that a sale was held. He testified that the truck was sold to the highest bidder for $6,000.00, and that, after crediting this amount and the unearned interest, the balance due was $3,874.17. He said that the records reflected that the matter was referred to an attorney. He testified that no further payments were made after the sale, and that such balance was still unpaid at the date of the trial. He testified that after the contract was assigned to Mack Financial Corporation, part of the

records on the transaction were kept under his supervision and control at the Houston Branch of Mack Trucks, Inc., and that he participated in the collection attempts from the time the obligation was created until the sale in 1963, and that his branch of Mack Trucks, Inc., held the sale, and purchased the truck for $6,000.00. He testified that he appraised the truck; that he had been in the trucking business for twenty years and was familiar with the fair and reasonable market value of trucks in and about Houston, Texas, at the time of the sale, and that $6,000.00 was its fair market value.

Mr. Terry testified that Mr. A. C. Tabbert, who signed the letter to Dickerson notifying him of the proposed sale of the truck, was the regional credit manager of Mack Financial Corporation, and was not employed by Mack Trucks, Inc. He said that Mack Financial Corporation had an office in Dallas, Texas, but none in Houston, and that his branch had the responsibility of assisting Mack Financial in collections.

Appellee offered into evidence Exhibit 5b. Appellant asked whether it was offered generally and for all purposes, and, on being told that it was, stated that he had no objection.

This exhibit is a carbon copy headed:

"Mack Financial Corporation
Customer's Truck Taken Back."

This instrument described the truck, the sales price, the amount paid by the customer in installments, and the amount owing at the time the truck was taken back. There are blanks appropriately completed, headed: "Mack net equity", "Quick resale value", and "losses due to repossessions". The information as to the payments made and the balance due found in the exhibit is the same as the testimony given by Mr. Terry.

■ The evidence is sufficient to establish the amount of the deficiency as a matter of law, and to show that Mack Trucks, Inc., was acting for Mack Financial Corporation in making collections, and in selling the truck at private sale. The evidence concerning the deficiency corresponded to the allegations of appellee's amended petition. Appellant filed no affirmative plea of payment as required by Rule 94, T.R.C.P. The burden was upon appellant to prove payments not admitted by the pleadings, and such payments may not be shown under the general denial. The contract states the amount due. Appellant was credited with certain payments, including the amount the truck brought at the sale after repossession. All payments admitted by the pleadings were allowed. Southwestern Fire & Casualty Company v. LaRue, 367 S.W.2d 162 (Tex.1963); Younger Bros., Inc. v. Knox, 217 S.W.2d 41 (Tex.Civ.App.—Galveston 1949, ref., n. r. e.); World Broadcasting System, Inc. v. Eagle Broadcasting Company, Inc., 162 S.W.2d 463 (Tex.Civ.App.—San Antonio 1942, error dism'd).

■ Appellant contends that when appellee introduced into evidence the letter from Mack Trucks, Inc., to Dickerson without limiting the purpose of the offer, it was bound by the statement of fact contained therein and could not contradict these facts by other testimony. The letter stated that Mack Trucks, Inc., had taken possession of the truck; that Mack Trucks, Inc., intended to sell it at private sale for cash; and that the proceeds of the sale would be applied to the balance due Mack Trucks, Inc. The letter also notified appellant of the time and place of sale, and it can be inferred from the record that appellee introduced the letter on the issue of notice even though it was not a limited offer. The letter contained nothing favorable to appellee on the issue of ownership of the debt, and this fact requires a presumption that the letter was not offered on that issue. As to that issue appellee is not concluded by the statements of fact contained in the letter to the extent that the statement could not be contradicted by

other evidence. Masterson v. Bouldin, 151 S.W.2d 301 (Tex.Civ.App.—Eastland 1941. writ ref.); Murphy v. McLaughlin, 374 S.W.2d 754 (Tex.Civ.App.—Houston 1964, error ref., n. r. e.).

One of the issues submitted to the jury asked whether as of the date of the letter, May 17, 1963, the debt had not been re-assigned to Mack Trucks, Inc., by Mack Financial Corporation. The jury found that it had *not* been reassigned. There is no evidence that it was reassigned after that date.

Issues were submitted by the trial court concerning the execution of the contract by the appellant. An assignment from Mack Trucks to Mack Financial was established by the evidence, as was the amount of the deficiency and the refusal of appellant to pay.

 The evidence is not sufficient to raise a material issue of fact as to the ownership of the indebtedness at the date of the trial. While an inference could be drawn from the letter that Mack Trucks claimed the indebtedness, the testimony of Mr. Terry as to the participation of Mack Trucks in the collection of this account, and of accounts generally, on behalf of Mack Financial characterizes such an inference as unreasonable. In any event the participation of Mr. Terry in the trial insures that Mack Trucks, Inc. cannot assert ownership of the debt in a future action against appellant.

In McDonald, Texas Civil Practice, Vol. 1, Parties, Sec. 3.03.4, at p. 235, this statement appears: " * * * The crucial inquiry in all cases where the action is not in the name of the real party in interest is whether the judgment will bind him, either because the nominal plaintiff has been vested with full legal title or authority to sue on the real party's behalf, and sues with the knowledge or acquiescence of the real party; or because the real party (though not named in the pleading) participates in the action sufficient to be bound; or because the nominal party stands in some relation to the real party which will make his acts binding on the latter * * *."

 Appellant's point complaining of the admission of hearsay testimony as to the debt balance owed to Mack Financial Corporation cannot be sustained. The point is too general to require consideration since it does not specify any particular testimony of any particular witness. Reversible error would not be presented in any event since the debt balance was established by Exhibit 5b, apparently a business record of Mack Financial Corporation, admitted without objection. The evidence supports an implied finding that Mack Trucks, Inc., acted as an agent of Mack Financial in the collection of the account. Appellant failed to plead payment.

Appellant has several points complaining that answers made by the jury to the various issues submitted were supported by no evidence and were contrary to the great weight and preponderance of the evidence. Each of these points has been carefully considered and none of them is sustained.

 Appellant's contention that the two year statute of limitations bars this action cannot be sustained because the suit is based on a contract in writing and is governed by the four year statute.

The motion for rehearing is denied.

The judgment is affirmed.