**ALLEN MACHINERY COMPANY,**
**Appellant,**

v.

**Briggs TODD, Appellee.**

**No. 663.**

Court of Civil Appeals of Texas, Tyler.

Nov. 16, 1972.

Ewing Adams, Longview, for appellant.

Hollie McClain, Gilmer, for appellee.

DUNAGAN, Chief Justice.

This is a suit in which the appellee (plaintiff below) is claiming the appellant (defendant below) converted his tractor. The appellant filed a plea of privilege to move the case from Upshur County to Gregg County, the county of its residence. The plea of privilege was controverted under Sec. 9 of Article 1995, Vernon's Ann.Tex. Civ.St.

Trial was before the court without the intervention of a jury. The trial court overruled appellant's plea of privilege and it has appealed.

The appellant assails the action of the trial court in overruling its plea of privilege under four points of error in which it asserts that the appellee failed (1) to establish that he owned the tractor he claims to have been converted, (2) to meet the basic requirements for proving a conversion, (3) to prove the venue facts necessary to sustain venue under Exception 9, and (4) to discharge the burden of proof sufficient to deprive appellant of its right to be sued in the county of residence.

Appellee by his counterpoint asserts that he "did furnish sufficient evidence to establish that he owned the tractor he claims to have been converted."

Appellee alleged in his petition that the appellant committed a trespass upon his farm by an unlawful entry thereon and removed a tractor, belonging to him, therefrom and converted said tractor and the value thereof to its use. That by reason of the unlawful taking and conversion appellee had been damaged in the sum of $2,-500.00.

The appellant filed a plea of privilege alleging that it was a resident of Gregg County, Texas, and that there existed no exception to its privilege to be sued in the county of its residence. Appellee filed a controverting affidavit alleging that the appellant committed a trespass within the meaning of Exceptions 9 and 23 of Article 1995, V.T.C.S., in Upshur County, Texas, by the conversion of the appellee's property and that such trespass was the proximate cause of the appellee's injuries and damages, all of which occurred in Upshur County, Texas.

The record contains only a transcript and supplemental transcript. No statement of facts was filed.

Where, as here, the order reflects the court heard evidence which was considered and in the absence of a statement of facts we must presume appellant failed to discharge its burden. Mobley v. Mobil Oil Company, 431 S.W.2d 942 (Tex.Civ.App., Beaumont, 1968, writ dism.); Piano v. Gulf Coast Investment Corporation, 429 S. W.2d 554 (Tex.Civ.App., Houston 14th Dist., 1968, writ dism.); Republic Acceptance Corporation v. Nichols, 377 S.W.2d 775 (Tex.Civ.App., Waco, 1964, writ dism.); Mays v. Pierce, 154 Tex. 489, 281 S.W.2d 79, 82 (1955).

Judgment of the trial court affirmed.