William McCARDELL, Appellant,

v.

L. K. PETERSON et al., Appellees.

No. 16047.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

March 22, 1973.

David J. Nagle, Houston, for appellant.

William H. Scott, Jr., Houston, for appellees.

COLEMAN, Chief Justice.

This is an appeal from a take nothing judgment entered in a suit for damages based on an alleged assault on appellant by the defendant Eric Peterson, an employee of the defendant L. K. Peterson, d/b/a Triangle Loan Service. The trial court filed findings of fact and conclusions of law.

The suit as originally filed did not name Eric Peterson as a defendant. Thereafter he was named in an amended petition, and was served with citation. When he failed to answer in the required time, an interlocutory default judgment was entered as to him on the issue of liability only. On August 7, 1972, Eric Peterson filed a motion to set aside the default judgment, and an answer. On May 17, 1972, the case was tried on its merits. On August 7, 1972, the motion to set aside the default judgment was granted and judgment was entered that the plaintiff take nothing as to all defendants.

By his first three points appellant urges that the trial court erred " . . . in failing" to enter judgment for plaintiff against Eric Peterson and against Triangle Loan Service, and in setting aside the interlocutory default judgment previously entered against Eric Peterson.

In speaking of an interlocutory judgment the Supreme Court of Texas stated in Prince v. Peurifoy, 396 S.W.2d 913 (Tex. Civ.App.1965) : " . . . He has discretionary authority to change his mind about the order, set it aside, amend it, or refuse to take whatever further steps may be necessary to make it a complete interlocutory order. And this control of the interlocutory judgment may be exercised by the judge at any time before the judgment on the merits of the whole case becomes final, . . . ."

■ There was no error in the action of the trial court in setting aside the interlocutory default judgment. Dickerson v. Mack Financial Corporation, 452 S.W.2d 552 (Tex.Civ.App.—Houston, 1st Dist., 1969, error ref. n.r.e.) ; Kemp v. Harrison, 431 S.W.2d 900 (Tex.Civ.App.—Houston, 14th Dist., 1968, err. ref., n.r.e.).

■ Under the findings of fact filed by the trial court, no judgment could properly have been entered against either Eric Peterson, or Triangle Loan Service. Any judicial admissions which may have resulted from the fact that Eric Peterson suffered a default judgment to be taken against him could have been considered only against him. As to Eric Peterson the admissions no longer were valid once the default judgment was set aside. Atkinson v. Shelton, 160 S.W. 316 (Tex.Civ.App.—Texarkana 1913, err. ref.).

Appellant has attacked the findings of fact and conclusions of law. The trial court found that the physical encounter was caused by plaintiff, William McCardell, striking Eric Peterson to which act Eric Peterson reacted in self-defense by tearing the shirt of plaintiff and that the plaintiff suffered no injuries as a result of the physical encounter. The court also found that the defendant did not publish any words defaming plaintiff's character or reputation. These findings are not challenged either as being supported by no

evidence or as being contrary to the weight and preponderance of the evidence. Appellant does challenge them as being contrary to the judicial admissions resulting from the default judgment. For the reasons stated this contention cannot be sustained.

■ The trial court's finding that appellant suffered no injury is equivalent to a finding of no damage. The default judgment specifically reserved the issue of damages for trial on the merits. The judgment of the trial court is supported by this finding.

Appellant's points that the trial court erred in failing to enter judgment against Eric Peterson necessarily presupposes that the trial court erred in setting aside the default judgment. Once the default judgment was set aside, there was no basis for a judgment in appellant's favor.

■ The trial court was mistaken in its finding of fact number 14. There was uncontradicted evidence that Eric Peterson was an agent, servant, or employee of Triangle Loan Service. This finding, however, is immaterial because no facts were found which could support the cause of action alleged against Eric Peterson. McMurrey Corporation v. Yawn, 143 S.W.2d 664 (Tex.Civ.App.—Texarkana 1940, err. ref.). The error is harmless under Rule 434, Tex.Rules of Civ.Proc.

■ Appellant contends that the trial court's findings of fact 15, 16, and 17 are without support in the record. These findings relate to facts which must be established before a final judgment by default can be set aside. Such findings are not required as a predicate for setting aside an interlocutory judgment. These findings are immaterial and cannot constitute reversible error.

Appellant's point number twelve, directed at the trial court's conclusions of law numbers one and four, has been sufficiently discussed previously and presents no error.

By point thirteen appellant complains of the action of the trial court in concluding that he had failed to prove a cause of action based on slander. "Language that does not, as a necessary consequence, occasion damage to the person to whom it refers is not actionable per se. Damages for its use may be recovered only when special damages ensue as a necessary and proximate consequence of the publication." 36 T.J.2d, Libel and Slander, § 2, p. 281.

■ There was evidence that during the altercation between appellant and Eric Peterson, Peterson called appellant a s-o-b. Such language is not slanderous per se. Bartow v. Smith, 149 Ohio St. 301, 78 N.E.2d 735 (Ohio 1948); Dunn v. Bruat, 155 La. 376, 99 So. 296 (La.1924); Anno. 15 A.L.R.2d 111 et seq. No special damage was alleged and there was no evidence to support a finding of such damage. The trial court did not err in its conclusion of law. Rawlins v. McKee, 327 S.W.2d 633 (Tex.Civ.App.—Texarkana 1959, writ ref., n.r.e.); Arant v. Jaffe, 436 S.W.2d 169 (Tex.Civ.App.—Dallas 1968).

Affirmed.