**In the Matter of the ESTATE of Rachel Moores SWIFT, Deceased.**

No. 8816.

Court of Civil Appeals of Texas, Amarillo.

Dec. 27, 1977.

Rehearing Denied Jan. 23, 1978.

**518**

James D. Swift, Jr., pro se.

Lovell, Lyle, Renfer & Sanders, Michael R. Sanders, Clarendon, for appellee.

ROBINSON, Chief Justice.

The County Court of Donley County denied a motion of James D. Swift, Jr., to dismiss the temporary administration of the estate of Rachel Moores Swift, deceased. The record on appeal does not include either a statement of facts or findings of fact and conclusions of law. Affirmed.

The record in the cause before us reveals that appellant did not make a request for a court reporter until the day of the hearing. No court reporter was regularly assigned to the court. Since no court reporter was available, the proceedings were recorded on a recording machine. The record does not reveal that appellant objected to this procedure. Certain tapes, purporting to be a recording of the hearing, were forwarded to this court. This court declined to accept the untranscribed tapes as a statement of facts and ordered their return. At appellant's request, he was given an extension of time for the filing of the statement of facts so that he might have the tapes transcribed. No transcription or other statement of facts has been forwarded to this court.

Appellant contends that the trial court erred in failing to have a competent court reporter take down the testimony at the trial. We overrule this contention. The County Court of Donley County is governed by Art. 2327, Tex.Rev.Civ.Stat.Ann. (1911) which provides in part:

> When either party to a civil case pending in the county court or county court at law applies therefor, the judge thereof shall appoint a competent stenographer, if one be present, to report the oral testimony given in such case.

Appellant has not brought himself within the requirements of Art. 2327. Under the express wording of the statute, the duty to provide a stenographer is imposed only when a competent stenographer is present or, in any event, when one is available. "If the party desiring a stenographer wishes to avail himself of the mandatory provision of the statute, it is incumbent upon him to bring about the conditions under which such provision arises, or, in any event, to make the demand at such seasonable time as may enable the county judge to provide a stenographer without necessitating a delay in the trial." *Universal Life Ins. Co. v. Larremore*, 32 S.W.2d 964 (Tex.Civ.App.— Austin 1930, writ dism'd); *Lindsey v. Caston*, 118 S.W.2d 843 (Tex.Civ.App.—Austin 1938, no writ).

In the absence of a statement of facts we are unable to say that the trial judge abused his discretion in refusing to dismiss the temporary administration. Without a statement of facts, or findings of fact and conclusions of law, it will be presumed that every fact necessary to support the judgment within the scope of the pleadings was proved at the trial. *Schweizer v. Adcock,* 145 Tex. 64, 194 S.W.2d 549 (1946).

The transcript includes three instruments denominated Bills of Exception Nos. 1, 2, and 3. The instruments are not approved by the trial judge, and are not bystander's bills. They present nothing for review. *Sisk v. Randon,* 123 Tex. 326, 70 S.W.2d 689 (Tex. Comm'n App. 1934, opinion adopted).

Appellant contends that the trial court erred in refusing his bills of exception. However, there is no official record before us of the hearing on appellant's proffered bills of exception. Thus the record is insufficient for us to sustain appellant's points of error in that regard. *Goodpasture v. Coastal Industrial Water Authority,* 490 S.W.2d 883 (Tex.Civ.App.—Houston [1st Dist] 1973, writ ref'd n. r. e.); *Flora v. Scott,* 398 S.W.2d 627 (Tex.Civ.App.—Dallas 1965, writ ref'd n. r. e.).

Each of appellant's points of error is overruled. The judgment of the trial court is affirmed.