**Elijah W. RATCLIFF, Appellant,**

v.

**Edna Richardson SHERMAN et al., Appellees.**

**No. 1282.**

Court of Civil Appeals of Texas, Tyler.

Dec. 20, 1979.

Rehearing Denied Jan. 17, 1980.

Elijah W. Ratcliff, pro se.

J. B. Sallas, Sallas & Meriwether, Crockett, for appellees.

SUMMERS, Chief Justice.

This is a suit for attorney's fees. Trial was to a jury, and the court, after the presentation of the appellant's case, granted an instructed verdict in favor of the appellees. From this adverse judgment, appellant has appealed.

We affirm.

Elijah W. Ratcliff, appellant herein, alleges that he had rendered legal services to appellees Alfred Jones and D. M. White as their attorney in a suit tried in the Third Judicial District Court of Anderson County, Texas, for the recovery of two tracts of land; that, although in that case such land was adjudicated to be vested in appellee Alfred Jones, such appellees have failed and refused to compensate him in any amount for his services in that suit.

Mr. Ratcliff thereafter filed the instant suit against appellees, Edna Richardson Sherman, Administratrix of the Estate of Alfred Jones, deceased, D. M. White, Laura James and Eula V. White, seeking to recover attorney's fees for his legal services previously rendered in the land suit and for the award of a reasonable attorney's fee in the instant case. One of the appellees, D. M. White, failed to answer, and appellant Ratcliff took a default judgment against him on August 25, 1977. Subsequently the court set aside the default judgment against appellee White and granted said appellee a new trial. Thereafter, at a jury trial upon the merits, the court, at the close of appellant's case, granted an instructed verdict in favor of appellees and entered judgment that appellant take nothing herein.

In his first "statement of points," appellant contends:

"A default judgment becomes final thirty days following its entry or the entry of an order overruling a motion for a new trial and cannot be disturbed in the absence of proof following allegations of facts based in equity which would sustain a motion for a new trial or a common law bill of review."

If a point of error, or in the case at bar, a "statement of points," merely states an abstract proposition of law, without complaining of a specified action of the trial court, the appellant will not be entitled to have such point considered. *Commercial Standard Insurance Co. v. Southern Farm Bureau Casualty Insurance Co.,* 509 S.W.2d 387, 392 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.); *Dowdy v. Hale Supply Co.,* 498 S.W.2d 716, 718 (Tex.Civ.App.—Fort Worth 1973, no writ); *Brunell v. Brunell,* 494 S.W.2d 621, 622 (Tex.Civ.App.—Dallas 1973, no writ); *DeBusk v. Cadenhead,* 346 S.W.2d 145, 148 (Tex.Civ.App.—Amarillo 1961, writ ref'd n.r.e.). Further, if a point is too general, even though it complains of an error of the trial court, it is not entitled to consideration. *Sanders v. Dunlap,* 401 S.W.2d 367, 368 (Tex.Civ.App.—Beaumont 1966, writ ref'd n.r.e.); Rule 418, T.R.C.P.

Although appellant's first "point" is not entirely clear as applied to this case, we consider that in such point he is complaining of the action of the trial court in setting aside the default judgment of August 25, 1977, against appellee White, contending that such judgment was final.

Here the default judgment granted against appellee D. M. White, who did not answer, contains no reference to an appearance, if any, by the appellees who had filed answers and does not specifically dispose of the case as to those appellees. A default judgment may be taken at any time after the citation with the officer's return has been on file with the clerk for such length of time as to comply with Rule 107, T.R.C.P. Rule 240, T.R.C.P., provides that where there are several defendants, an interlocutory default judgment may be entered against one who has made default where the other defendant(s) either has not been duly served or has answered, and the cause may proceed or be postponed as to the other(s). The default judgment against appellee White was an interlocutory judgment only. *Dickerson v. Mack Financial Corporation,* 452 S.W.2d 552, 555 (Tex.Civ.App.—Houston [1st Dist.] 1970, writ ref'd n.r.e.);

*Sindorf v. Cen-Tex Supply Company*, 172 S.W.2d 775, 776 (Tex.Civ.App.—El Paso 1943, no writ).

 A judgment by default cannot be made final as against the defaulting defendant when the cause remains undisposed as to the other defendants. *Buttrill v. Occidental Life Insurance Company*, 45 S.W.2d 636, 639 (Tex.Civ.App.—Dallas 1932, no writ). In *Kone v. Security Finance Company*, 158 Tex. 445, 313 S.W.2d 281 (1958), a partnership and its individual members were sued and one partner failed to answer. An interlocutory default judgment was entered against him. A trial on the merits followed. Following return of the jury's verdict the court, on motion, set aside the interlocutory judgment and entered a joint and several judgment against the partnership and all of the individual members. The Supreme Court held that the trial court had continuing control of the interlocutory order with power to set it aside. *Kone v. Security Finance Company*, supra at 286.

The trial court had the power to set aside the default judgment on its own motion, or on motion by counsel, prior to the entry of the final judgment. The court's intention to do this can be seen where the terms of the judgment on November 6, 1978 materially differed from those in the earlier interlocutory default judgment. The judgments are inconsistent. The entry of a final judgment inconsistent in its terms with a prior interlocutory judgment operates to set aside the interlocutory judgment as a necessary result of the application of the rule that only one final judgment may be entered in a case. *Dickerson v. Mack Financial Corporation*, supra at 555–56; *Keeling v. Zoller*, 388 S.W.2d 274, 277 (Tex.Civ.App.—San Antonio 1965, no writ); Rule 301, T.R.C.P. The directed verdict entered on November 6, 1978, meets the test for finality prescribed by the Supreme Court and the above cited rule.

There was no error in the action of the trial court in setting aside the interlocutory default judgment. *McCardell v. Peterson*, 493 S.W.2d 288, 289 (Tex.Civ.App.—Houston [1st Dist.] 1973, no writ); *Dickerson v.*

*Mack Financial Corporation*, supra at 555; *Kemp v. Harrison*, 431 S.W.2d 900, 906 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.); *Prince v. Peurifoy*, 396 S.W.2d 913, 916 (Tex.Civ.App.—Dallas 1965, no writ). Appellant's first point of error is overruled.

Appellant's points two through eleven (2–11) complain of alleged errors by the trial court regarding matters of evidence. The record on appeal does not include either a statement of facts or findings of fact and conclusions of law.

 Without a statement of facts, it will be presumed that appellant failed to discharge his burden, *Allen Machinery Company v. Todd*, 493 S.W.2d 610, 611 (Tex.Civ. App.—Tyler 1972, no writ); *Mobley v. Mobil Oil Company*, 431 S.W.2d 942, 943 (Tex. Civ.App.—Beaumont 1968, writ dism'd); *Piano v. Gulf Coast Investment Corporation*, 429 S.W.2d 554, 555–6 (Tex.Civ.App—Houston [14th Dist.] 1968, writ dism'd); and that every fact necessary to support the judgment was proved at trial. *Mays v. Pierce*, 154 Tex. 489, 281 S.W.2d 79, 82 (1955); *Mosolowski v. Mosolowski*, 562 S.W.2d 24, 26 (Tex.Civ.App.—Tyler 1978, no writ); *Matter of Estate of Swift*, 560 S.W.2d 517, 518 (Tex.Civ.App.—Amarillo 1977, no writ); *Simpkins v. City of Dallas*, 542 S.W.2d 701, 704 (Tex.Civ.App.—Waco 1976, no writ). Without the benefit of a statement of facts, this court is in no position to pass on appellant's contentions expressed in his points of error concerning evidentiary matters, and said points (2–11) are accordingly overruled.

The judgment of the trial court is affirmed.